Mathew K. Higbee, Esq., SBN 241380
Naomi Sarega, Esq., SBN 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
JEFFERY R. WERNER,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JEFFERY R. WERNER,

               Plaintiff,

v.

ZHENYU SONG, an individual, d/b/a/ ZACH TECHNOLOGY, INC.; XIULI LI, an individual, d/b/a/ ZACH TECHNOLOGY, INC.; ZACH TECHNOLOGY, INC.; and DOES 1-5, inclusive,

               Defendant.

Case No. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jeffery R. Werner, for his Complaint against Zhenyu Song d/b/a/ Zach Technology, Inc.; Xiuli Li d/b/a/ Zach Technology, Inc.; Zach Technology, Inc.; and DOES 1-5

d/b/a/ www.chicagochinaren.com

d/b/a/ www.chineseinatlanta.com

COMPLAINT FOR DAMAGES        1

1    d/b/a/ www.chineseinboston.com

2    d/b/a/ www.chineseinflorida.com

3

4    d/b/a/ www.chineseinhi.com

5    d/b/a/ www.chineseinhouston.com

6    d/b/a/ www.chineseinla.com

7

8    d/b/a/ www.chineseinoz.com

9    d/b/a/ www.chineseinpa.com

10

11   d/b/a/ www.chineseinsfbay.com

12   d/b/a/ www.chineseinvan.com

13   d/b/a/ www.dallasren.com

14

15   d/b/a/ www.dcchinaren.com

16   d/b/a/ www.nychinaren.com

17

18   d/b/a/ www.sdchinaren.com

19   d/b/a/ www.seattlechinaren.com

20   d/b/a/ www.vegaschinaren.com,

21

Defendant, alleges as follows:

1

2

## **INTRODUCTION**

3      1.      Plaintiff Jeffery R. Werner (hereinafter "Plaintiff"), by counsel, brings

4   this action to challenge the actions of Zhenyu Song d/b/a/ Zach Technology, Inc.;

5   Xiuli Li d/b/a/ Zach Technology, Inc.; Zach Technology, Inc.; and DOES 1-5

6   (hereinafter "Defendants"), with regard to the unlawful use of fourteen (14)

7   copyrighted Images (hereinafter "Images") owned by Plaintiff, and this conduct

8   caused Plaintiff damages.  Defendants have reproduced, displayed, distributed, and

9   otherwise misused the protected Images on numerous websites, including those

10  identified in this Complaint, without authorization and without paying Plaintiff the

11  required commercial license fee. Defendants' conduct violates the rights of

12  Plaintiff.

13                               **PARTIES**

14      2.      Plaintiff Jeffery R. Werner is a natural person residing in the City of

15  Los Angeles, in the State of California.

16      3.      Defendant Zhenyu Song d/b/a/ Zach Technology, Inc. is a natural

17  person residing and doing business in the City of Ontario, in the State of

18  California. Upon information and belief, Song directly participated in the wrongful

19  conduct alleged in this Complaint, and/or had the right and ability to supervise,

20  direct, and control the wrongful conduct of others, and derived a direct financial

21  benefit from that wrongful conduct.

4.      Defendant Xiuli Li d/b/a/ Zach Technology, Inc. is a natural person residing and doing business in the City of Ontario, in the State of California. Upon information and belief, Li directly participated in the wrongful conduct alleged in this Complaint, and/or had the right and ability to supervise, direct, and control the wrongful conduct of others, and derived a direct financial benefit from that wrongful conduct.

5.      Zach Technology, Inc. is a corporation organized under the laws of the State of California of which Defendant Song is the Chief Executive Officer.

6.      Through Zach Technology, Inc., Defendants operate seventeen (17) commercial websites:

www.chicagochinaren.com;

www.chineseinatlanta.com;

www.chineseinboston.com;

www.chineseinflorida.com;

www.chineseinhi.com;

www.chineseinhouston.com;

www.chineseinla.com;

www.chineseinoz.com;

www.chineseinpa.com;

www.chineseinsfbay.com;

www.chineseinvan.com;

1 www.dallasren.com;

2 www.dcchinaren.com;

3 www.nychinaren.com;

4 www.sdchinaren.com ;

5 www.seattlechinaren.com;

6 www.vegaschinaren.com.

7 **JURISDICTION**

8 7.    This Court has original jurisdiction over this action, pursuant to 28

9 U.S.C. §§ 1331 and 1338(a), as this action involves claims brought under federal

10 law, the Copyright Act, 17 U.S.C. § 101 *et seq.*

11 8.    Defendant Song is subject to personal jurisdiction in this Court

12 because Defendant Song is an individual residing in the State of California within

13 this judicial district, and doing business in the same.

14 9.    Defendant Li is subject to personal jurisdiction in this Court because

15 Defendant Li is an individual residing in the State of California within this judicial

16 district, and doing business in the same.

17 10.    Defendant Zach Techonology, Inc. is subject to personal jurisdiction

18 in this Court because Defendant Zach Technology, Inc. is a corporation duly

19 organized under the laws of the State of California.

20 11.    Venue is proper in the Central District of California, pursuant to 28

21 U.S.C. § 1391(b)(2)-(3) because a substantial part of the events or omissions

giving rise to the claims asserted in this Complaint occurred in the District, or because there is no district in which the action may otherwise be brought and at least one defendant is subject to personal jurisdiction in this District. Venue is also proper in this District, pursuant to 28 U.S.C. §§ 1391(c)(2) and 1400(a), as Defendant and/or his agents reside in this District.

## FACTUAL BACKGROUND

12.     Plaintiff has over 35 years of experience as a professional photographer.  His work has appeared in magazines world-wide as covers, features, and editorial coverage in publications such as Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse, Psychology Today, Stern, Country Weekly, and Page Six Sunday Magazine (NY Post) and many others.  He has had over 100 double-page spreads in the National Enquirer.  His photographs of amazing stunts, performed with motorcycles, airplanes, trains, and other vehicles, were featured on such television shows as: That's Incredible!, The World's Greatest Stunts,  Stuntmasters, Guinness World Record Spectaculars, Ripley's Believe It Or Not, and I Dare You. Plaintiff's portfolio of images has also been featured in a 16-page spread in both French and Italian photo magazines, with pickups appearing in Panorama magazine (Netherlands), Stern (Germany), Photo District News (U.S.), Mad Magazine (France), and the 25th anniversary issue of New Look magazine.  Many of his iconic photographs were also chosen to be published in the

TALK/MIRIMAX coffee table book The National Enquirer, Thirty Years of Unforgettable Images.  Plaintiff is a member of the Los Angeles Press Club and the American Society of Media Photographers, and is the CEO of an editorial photo syndication agency, Incredible Features, Inc.

13.    Plaintiff has developed a specialty in photographing stunts and stuntmen and women.  His attention to detail, even while filming dangerous stunts with his signature 15-camera remote photography set-up, has exposed him to the danger involved in getting very close to the action.  Capturing these explosive photo sequences landed him the exclusive honor of being the only still photographer inducted into the Stuntworld Hall of Fame.  Featured on a segment of "The Adventures" TV show, he was referred to as the "da Vinci of daredevil photography"    (https://helldriversmovie.wordpress.com/2008/11/10/incredible-stunts-book/   ).  French Photo called him the "incredible but true photographer" and Caesar's Palace chose him as the official photographer for Robbie Knievel's motorcycle jump across fountains.  Those images were licensed by numerous magazines and/or TV outlets around the world, including Life and Sports Illustrated.  Plaintiff's body of stunt photography is displayed in the 2009 coffee table book, Incredible Stunts: The Chaos, Crashes and Courage of the World's Wildest Stuntmen and Daredevils (ISBN-13: 978-0-9796349-9-4).

14.    Plaintiff is also well-known for his work with exotic animals, celebrities in their homes, remote aboriginal peoples, sideshow eccentricities, and

people who have overcome incredible obstacles. Plaintiff has a growing "outsider art" reputation, and his work was the subject of a retrospective gallery exhibition at the Annenberg Space for Photography in Los Angeles in 2009. Vince Streano, photographer and President Emeritus of the American Society of Media Photographers, has said that "Jeff is the Diane Arbus of the 21st century" because he crosses social lines to celebrate the odd - rather than belittle his subjects.

15.     The uniqueness of Plaintiff's portfolio, and his talent, have resulted in substantial licensing opportunities throughout the years on which he relies to research and fund future photo shoots and to pay himself and his staff at Incredible Features, Inc. Plaintiff has always maintained the publishing rights to his works, knowing they would provide the revenue to produce his next story. Plaintiff relies on income generated from licensing his photographs for his living. Plaintiff employs a staff dedicated to researching new opportunities for photo shoots, as well as managing, monetizing, and policing the intellectual property of Plaintiff's portfolio.

### DEFENDANTS' WRONGFUL CONDUCT

16.     Beginning at a time unknown and continuing to the present, Defendants have engaged in repeated unlawful acts and practices, which have included extensive infringements of copyrights in photographic images owned by Plaintiff.

//

17. Defendants have used copyright infringement to create a lucrative media business that profits, in part, by using photographic images that are the protected work of others. Defendants have incorporated the works into two of their seventeen websites, without seeking authorization from, or making payments to, the author of the works, Plaintiff.

18. By way of example, Defendants' infringements of copyrights include, but are not limited to, the following:

a. On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_30825.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-1.

b. On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description

"jeffery_werner_30835.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-2.

        c.    On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_30837.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of

which is attached as Exhibit A-3.

d.      On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_30840.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-4.

e.      On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_30844.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the

image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-5.

f.     On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_31011.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-6.

g.     On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_31014.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed,

owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-7.

h.    On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_31018.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-8.

i.    On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description

"jeffery_werner_31021.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-9.

j.      On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_31028.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of

which is attached as Exhibit A-10.

k.    On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_30850.jpg," that had been reproduced, displayed, and distributed on the website www.chineseinsfbay.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VA 1-920-155. *See* Original Image, a true and correct copy of which is attached as Exhibit A-11.

l.    On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_snuggery_017.jpg," that had been reproduced, displayed, and distributed on the website www.nychinaren.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the

image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VAu 1-119-467. *See* Original Image, a true and correct copy of which is attached as Exhibit A-12.

m.     On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_snuggery_033.jpg," that had been reproduced, displayed, and distributed on the website www.nychinaren.com without authorization by Plaintiff. Upon information and belief, the identified site was designed, owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VAu 1-119-467. *See* Original Image, a true and correct copy of which is attached as Exhibit A-13.

n.     On or about March 23, 2017, International Intellectual Property, Inc. identified a photographic image, with the catalog description "jeffery_werner_snuggery_036.jpg," that had been reproduced, displayed, and distributed on the website www.nychinaren.com without authorization by Plaintiff. Upon information and belief, the identified site was designed,

owned, operated, and controlled by Defendants, and used by them to promote Defendants' advertising-driven services. By letter dated May 10, 2017, Plaintiff notified Defendants in Ontario, California that the use of the image was without authorization and constituted copyright infringement. The photographic image is the subject of copyright Certification of Registration VAu 1-119-467. *See* Original Image, a true and correct copy of which is attached as Exhibit A-14.

19.    Hereinafter, the images listed in paragraphs 12(a-k) will be referred to as "Huntress Images."

20.    Hereinafter, the images listed in paragraphs 12(l-n) will be referred to as "Snuggery Images."

21.    Plaintiff originally licensed Huntress Images to www.dailymail.co.uk via Barcroft Media, a sublicensing agent, for the UK only for a story entitled "Killer queens: Meet the bloodthirsty big game huntresses who claim to be animal lovers – despite having slain more than 70 species across the world" which was published on November 25, 2013, hereinafter referred to as "Original Huntress Article". *See* Original Huntress Article, attached hereto as Exhibit B.

22.    On information and belief, on November 27, 2013, Defendants gained access to Huntress Images through Original Huntress Article, unlawfully saved the same on its server, and unlawfully published the same as its own website knowing that they had no rights to use Huntress Images, hereinafter referred to as

"Infringing Huntress Article". *See* Infringing Huntress Article, attached hereto as Exhibit C.

23.     On information and belief, on February 18, 2014, Defendants gained access to Snuggery Images through an unknown source, unlawfully saved the same on its server, and unlawfully published the same as its own website knowing that they had no rights to use Snuggery Images, hereinafter referred to as "Infringing Snuggery Article". *See* Infringing Snuggery Article, attached hereto as Exhibit D.

24.     Defendants' infringements were and are willful and deliberate, and done with knowledge of the copyrights held by Plaintiff. By way of example, Defendants cropped plaintiff's watermark off of the Huntress Images and placed its own on the Images, and placed its own watermark on the Snuggery Images.

25.     In an attempt to conceal their continuing infringements from Plaintiff, Defendants have, without authorization, modified, altered and incorporated copyright-protected elements of the photographic images exclusive rights to which Plaintiff owns. By way of example, in willful and deliberate disregard of the exclusive rights of Plaintiff, Defendants removed Plaintiff's watermark on eleven (11) of the images (*See* Defendant's Watermark Removal, attached hereto as Exhibit E1-E12):

a.     Defendants removed Plaintiff's watermark on "**jeffery_werner_30825.jpg**" by cropping off the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

Exhibit E1.

b.      Defendants    removed    Plaintiff's    watermark    on "**jeffery_werner_30835.jpg**" by cropping the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E2.

c.      Defendants    removed    Plaintiff's    watermark    on "**jeffery_werner_30837.jpg**" by cropping off the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E3.

d.      Defendants    removed    Plaintiff's    watermark    on "**jeffery_werner_30840.jpg**" by cropping off the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E4.

e.      Defendants    removed    Plaintiff's    watermark    on "**jeffery_werner_30844.jpg**" by cropping off the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E5.

f.      Defendants    removed    Plaintiff's    watermark    on "**jeffery_werner_31011.jpg**" by cropping off the bottom of the original image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E6.

1          g.      Defendants      removed      Plaintiff's      watermark      on

2 "**jeffery_werner_31014.jpg**" by using a "rubber stamp" tool which copies

3 surrounding areas and covers the editor's desired portion. *See* Daily Mail

4 Use vs. Zach Use Comparison, attached hereto as Exhibit E7-E8.

5          h.      Defendants      removed      Plaintiff's      watermark      on

6 "**jeffery_werner_31018.jpg**" by cropping off the bottom of the original

7 image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

8 Exhibit E9.

9          i.      Defendants      removed      Plaintiff's      watermark      on

10 "**jeffery_werner_31021.jpg**" by cropping off the bottom of the original

11 image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

12 Exhibit E10.

13          j.      Defendants      removed      Plaintiff's      watermark      on

14 "**jeffery_werner_31028.jpg**" by cropping off the bottom of the original

15 image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

16 Exhibit E11.

17          k.      Defendants      removed      Plaintiff's      watermark      on

18 "**jeffery_werner_30850.jpg**" by cropping off the bottom of the original

19 image. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

20 Exhibit E12.

21      26.    In an attempt to conceal their continuing infringements from Plaintiff,

Defendants have, without authorization, modified, altered and incorporated copyright-protected elements of the photographic images exclusive rights to which Plaintiff owns. By way of example, in willful and deliberate disregard of the exclusive rights of Plaintiff, Defendants placed its own watermark on eleven (11) of the images (*See* Defendant's Watermark Additions, attached hereto as Exhibit E1-E12):

a. Defendants placed their own watermark on "**jeffery_werner_30825.jpg**," in the bottom right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E1.

b. Defendants placed their own watermark on "**jeffery_werner_30835.jpg**," in the upper right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E2.

c. Defendants placed their own watermark on "**jeffery_werner_30837.jpg**," in the upper right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E3.

1         d.     Defendants placed their own watermark on

2    "**jeffery_werner_30840.jpg**," in the lower right so as not to obstruct the

3    object of the image, indicating that such placement was done by a human

4    eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

5    Exhibit E4.

6         e.     Defendants placed their own watermark on

7    "**jeffery_werner_30844.jpg**," in the lower left so as not to obstruct the

8    object of the image, indicating that such placement was done by a human

9    eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

10   Exhibit E5.

11        f.     Defendants placed their own watermark on

12   "**jeffery_werner_31011.jpg**," in the lower right so as not to obstruct the

13   object of the image, indicating that such placement was done by a human

14   eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

15   Exhibit E6.

16        g.     Defendants placed their own watermark on

17   "**jeffery_werner_31014.jpg**," in the lower right so as not to obstruct the

18   object of the image, indicating that such placement was done by a human

19   eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as

20   Exhibit E7-E8.

21        h.     Defendants placed their own watermark on

"**jeffery_werner_31018.jpg**," in the lower right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E9.

i.   Defendants   placed   their   own   watermark   on "**jeffery_werner_31021.jpg**," in the lower left so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E10.

j.   Defendants   placed   their   own   watermark   on "**jeffery_werner_31028.jpg**," in the upper right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E11.

k.   Defendants placed their own watermark on "**jeffery_werner_30850.jpg**," in the lower right so as not to obstruct the object of the image, indicating that such placement was done by a human eye. *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E12.

l.   Defendants   placed   their   own   watermark   on "**jeffery_werner_snuggery_036.jpg**," in the lower left so as not to obstruct the object of the image, indicating that such placement was done by a human

eye. *See* Image Present on www.nychinaren.com Server, attached hereto as Exhibit F10.

27.     In an attempt to conceal their continuing infringements from Plaintiff, Defendants have, without authorization, modified, altered and incorporated copyright-protected elements of the photographic images exclusive rights to which Plaintiff owns. By way of example, in willful and deliberate disregard of the exclusive rights of Plaintiff, Defendants removed Plaintiff's copyright information in the metadata "credit line". (*See* Defendant's Watermark Removal, attached hereto as Exhibit E1-E12):

a.     Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30825.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E1.

b.     Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30835.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E2.

c.     Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30837.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E3.

d.     Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30840.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E4.

e.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30844.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E5.

f.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_31011.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E6.

g.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_31014.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E7-E8.

h.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_31018.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E9.

i.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_31021.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E10.

j.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_31028.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E11.

k.      Defendants removed Plaintiff's copyright information in the metadata of "**jeffery_werner_30850.jpg**". *See* Daily Mail Use vs. Zach Use Comparison, attached hereto as Exhibit E12.

28.     Defendants' infringements were and are willful and deliberate, and done with knowledge of the copyrights held by Plaintiff. By way of example, Defendants were on notice of the copyrights held by Plaintiff, yet Defendants continued to make infringing uses of the Huntress Images and Snuggery Images:

a.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_31011"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_31011"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F1.

b.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30850"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30850"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F1.

c.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_31014"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website

www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_31014"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F2.

d.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_31021"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_31021"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F3.

e.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_31028"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_31028"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F4.

f.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30835"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website

www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30835"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F5.

g.   Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_31018"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_31018"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F6.

h.   Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30837"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30837"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F7.

i.   Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30825"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website

www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30825"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F8.

j.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30840"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30840"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F8.

k.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_30844"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.chineseinsfbay.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_30844"** until present. *See* Image Present on www.chineseinsfbay.com Server, attached hereto as Exhibit F9.

l.      Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_snuggery_017"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website

www.nychinaren.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_snuggery_017"** until present. *See* Image Present on www.nychinaren.com Server, attached hereto as Exhibit F10.

m.    Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_snuggery_033"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.nychinaren.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_snuggery_033"** until present. *See* Image Present on www.nychinaren.com Server, attached hereto as Exhibit F10.

n.    Defendants received written notice of Plaintiff's rights in the **"jeffery_werner_snuggery_036"** at least as early as May 11, 2017, when Plaintiff objected to the infringing use of the image in Defendants' website www.nychinaren.com. In willful disregard of the rights held by Plaintiff, Defendants continued to make use of **"jeffery_werner_snuggery_036"** until present. *See* Image Present on www.nychinaren.com Server, attached hereto as Exhibit F10.

29.    In a misguided attempt to conceal their wrongdoings, on May 31, 2017, Defendants registered their 17 sites with the DMCA.

30.    Plaintiff now brings this action to recover damages resulting from

1   Defendant's copyright infringements, and to enjoin future infringements by

2   Defendant of those copyrights.

3   **FIRST CAUSE OF ACTION**

4   **COPYRIGHT INFRINGEMENT**

5   31.     Plaintiff incorporates by reference all of the above paragraphs of this

6   Complaint as though fully stated herein.

7   32.     Plaintiff is the exclusive copyright holder of the photographic Images

8   that are the subject of this action. Among the rights granted Plaintiff is the

9   exclusive right to market and license the right to copy, reproduce, display, modify,

10   alter, and create derivative works of each image. Additionally, Plaintiff holds the

11   exclusive right to make and control claims related to infringements of copyrights

12   in the images. A certificate of registration has been issued for each image, as

13   evidenced by the certificates attached as Exhibit A.

14   33.     Defendants have reproduced, displayed, distributed, and made other

15   infringing uses of the protected Images, without authorization by Plaintiff,

16   including Defendants' infringing use of those images on the following websites,

17   including but not limited to:

18   www.nychinaren.com

19   www.chineseinsfbay.com

20   34.     Defendants have modified, altered and incorporated copyright-

21   protected elements of the subject images in purported new works, without

authorization by Plaintiff and in an attempt to conceal their continuing infringements from Plaintiff, in violation of 17 U.S.C. § 106(3) granting to a copyright owner the exclusive right to prepare derivative works based upon a copyrighted work.

35.     As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

36.     As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

37.     Plaintiff has suffered, and will continue to suffer, substantial and irreparable damage to its business reputation and goodwill as a result of Defendant's infringements. In addition to actual damages, Plaintiff is entitled to an award of any profits made by defendants from their wrongful acts pursuant to 17 U.S.C § 504. In the alternative, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), which should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to Defendant's willful conduct.

38.     Plaintiff has no adequate remedy at law for defendants' wrongful

conduct in that: (1) the subject images are unique and valuable properties; (2) Defendants' infringements interfere with Plaintiff's goodwill and customer relations; and (3) Defendants' infringements and damage resulting therefrom are continuing. Plaintiff is entitled therefore to injunctive relief pursuant to 17 U.S.C. § 502, and an order impounding all infringing materials pursuant to 17 U.S.C. § 503.

## SECOND CAUSE OF ACTION

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

39.    As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to statutory damages in an amount up to $25,000.00 for each removal of copyright management information pursuant to 17 U.S.C. § 1203(c)(3)(B).

## THIRD CAUSE OF ACTION

## FALSE COPYRIGHT MANAGEMENT INFORMATION

40.    As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to statutory damages in an amount up to $25,000.00 for each provision of false copyright management information pursuant to 17 U.S.C. § 1203(c)(3)(B).

//

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c) in an amount no less than $10,500 for 14 infringements;

- Awarding Plaintiff statutory damages in an amount up to $25,000 for each removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1) pursuant to 17 U.S.C. § 1203(c)(3)(B), in an amount no less than $55,000.00 for 22 removals;

- Awarding Plaintiff statutory damages in an amount up to $25,000 for each provision of false copyright management information in violation of 17 U.S.C. § 1202(a)(1) pursuant to 17 U.S.C. § 1203(c)(3)(B) in an amount no less than $30,000.00 for 12 provisions;

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

//

//

//

//

1    • Awarding any other relief the Court deems just and proper.

2    Dated: July 14, 2017                    Respectfully submitted,

3

4                                           /s/ Mathew K. Higbee
                                            Mathew K. Higbee, Esq.
5                                           Cal. Bar No. 241380
                                            HIGBEE & ASSOCIATES
6                                           1504 Brookhollow Dr., Ste 112
                                            Santa Ana, CA 92705-5418
7                                           (714) 617-8350
                                            (714) 597-6729 facsimile
8                                           *Counsel for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jeffery R. Werner, hereby demands a trial by jury in the above matter.

Dated: July 14, 2017                           Respectfully submitted,


                                               /s/ Mathew K. Higbee
                                               Mathew K. Higbee, Esq.
                                               Cal. Bar No. 241380
                                               HIGBEE & ASSOCIATES
                                               1504 Brookhollow Dr., Ste 112
                                               Santa Ana, CA 92705-5418
                                               (714) 617-8350
                                               (714) 597-6729 facsimile
                                               *Counsel for Plaintiff*